IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DON DENTON COMPANY,
a New Mexico corporation,

    Plaintiff,

v.                                                                                  Civil No. 05-466 WJ/ACT

SPECIALIZED STEEL
CONTRACTORS, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANT'S MOTIONS TO DISMISS

    THIS MATTER comes before the Court pursuant to Defendant's Motion to Dismiss for Lack of Jurisdiction (Doc. 6) and Defendant's Motion to Dismiss Due to Prior Pending Lawsuit and Motion to Dismiss Due to the Necessity to Join Indispensible [sic] Parties (Doc. 10).  Having reviewed the submissions of the parties and being fully advised on the law, I conclude that the motion to dismiss for lack of subject matter jurisdiction is moot and will be denied as such.  I further conclude that the motion to dismiss due to parallel state court proceedings and for failure to join indispensable parties is not well taken and will accordingly be denied.

    Plaintiff filed its initial Complaint in this matter on April 25, 2005 naming Specialized Steel Contractors, Inc., (hereinafter "SCI") Pedro Flores and Martha E. Flores as Defendants.  Plaintiff

filed returns of service indicating all Defendants were served on June 1, 2005. Plaintiff's Complaint alleges that this Court has subject matter jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332 and alleges that all Defendants are citizens of the State of Texas while Plaintiff is a citizen of the State of New Mexico.

Under Fed. R. Civ. P. 12(b), Defendants filed their motion to dismiss for lack of subject matter jurisdiction in lieu of an answer. In this motion, Defendants provide evidence in the form of affidavits that both Pedro and Martha Flores reside in and are citizens of the State of New Mexico. In response, Plaintiff filed a Notice of Voluntary Dismissal in which Plaintiff voluntarily dismissed without prejudice Defendants Pedro and Martha Flores.

SCI then filed its motion to dismiss due to a prior pending lawsuit and due to the necessity to join indispensable parties. With this motion, SCI provides evidence that it filed an action in a Texas state court on June 9, 2005 naming Plaintiff as a defendant. Also in this motion, SCI contends, without any legal analysis, that Pedro and Martha Flores are indispensable parties under Fed. R. Civ. P. 19.

A plaintiff may voluntarily dismiss a defendant prior to the filing of an Answer by that Defendant under either Fed. R. Civ. P. 41(a) or Rule 15. Campbell ex rel. Jackson v. Hoffman, 151 F.R.D. 682, 684 (D. Kan. 1993). In this case, Plaintiff voluntarily dismissed Pedro and Martha Flores before an Answer had been filed by either of these Defendants. By doing so, Plaintiff preserved the subject matter jurisdiction of this Court, and Defendants' motion to dismiss for lack of subject matter jurisdiction became moot. It will be denied as such.

SCI asserts that this Court should dismiss Plaintiff's complaint because there was a prior pending lawsuit in a Texas state court. In spite of the fact that Plaintiff's complaint was filed

before the Texas state court action, SCI characterizes the state court action as preceding this action because it preceded the filing of Plaintiff's voluntary dismissal of Pedro and Martha Flores. This argument is creative, but has no basis in the law.  In any event, a parallel proceeding in state court is not a sufficient reason, without more, for a federal court to decline to exercise jurisdiction over an action.  Under the Colorado River Doctrine, a federal court has the power to refrain from hearing cases that are duplicative of pending state court proceedings.  Rienhardt v. Kelly, 164 F.3d 1296, 1302 (10th Cir. 1999).  The Colorado River Doctrine is only appropriately invoked in exceptional circumstances.  Id.  SCI made no mention of the Colorado River Doctrine and made no argument to persuade the Court that the Doctrine should be applied in this case.  Accordingly, the Court finds no merit to SCI's assertion that the Court should dismiss Plaintiff's action because of the action brought in a Texas state court and SCI's motion to dismiss on these grounds is denied.

SCI contends that Plaintiff's action should be dismissed because Pedro and Martha Flores are indispensable parties to this litigation.  While SCI cites to Fed. R. Civ. P. 19, it does not offer any legal authority, analysis or argument on the intricacies of Rule 19(a).  The Court is not interested in conducting sua sponte research on Rule 19(a) and will not entertain conclusory assertions by counsel.  Thus, SCI's motion to dismiss due to the necessity to join indispensable parties is denied.

As a side note, counsel should not submit proposed orders with their motions unless the motion is unopposed, see D.N.M.LR-Civ. 7.2, or unless otherwise directed by the Court.

**CONCLUSION**

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss for Lack of Jurisdiction (Doc. 6) is hereby DENIED AS MOOT.

IT IS FURTHER ORDERED that SCI's Motion to Dismiss Due to Prior Pending Lawsuit and Motion to Dismiss Due to the Necessity to Join Indispensible [sic] Parties (Doc. 10) is hereby DENIED.

UNITED STATES DISTRICT JUDGE